UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| **TAMMY GAZDA** ) | | |
| Plaintiff, ) | **COMPLAINT** | |
| ) | | |
| vs. ) | **12-cv-161** | |
| ) | | |
| **ACCRETIVE HEALTH, INC.** ) | | |
| d/b/a **MEDICAL FINANCIAL SOLUTIONS** ) | | |
| Defendant, ) | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Tammy Gazda, an individual consumer, against Defendant Accretive Health, Inc., d/b/a Medical Financial Solutions (hereinafter, "MFS"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), Chapter 358-C of Title XXXI of the New Hampshire Revised Statutes (governing Unfair, Deceptive or Unreasonable Collection Practices), and Chapter 358-A of Title XXXI of the New Hampshire Revised Statutes (governing the Regulation of Business Practices for Consumer Protection), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this

District is proper in that the defendant, MFS, transacts business in New Hampshire and the conduct complained of occurred in New Hampshire.

### III.    PARTIES

3. Plaintiff, Tammy Gazda is a natural person residing in Windham, New Hampshire.

4. Defendant, Accretive Health, Inc. is a corporation engaged in the business of collecting debt with its principal place of business located at 401 No. Michigan Ave, Suite 2700, Chicago, IL 60611.  Accretive Health, Inc. does business in Michigan under the assumed name Medical Financial Solutions located at 30600 Telegraph Road, Suite 2345, Bingham, MI 48025.  The principal purpose of MFS is the collection of debts including the collection of debts in New Hampshire and MFS regularly attempts to collect debts alleged to be due another.

5. Defendant MFS is engaged in the collection of debts from consumers using the mail and telephone.  Defendant MFS regularly attempts to collect consumer debts alleged to be due to another.  Defendant MFS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and by N.H. Rev. Stat. Ann. § 358-C:1(VIII).

### IV.    FACTUAL ALLEGATIONS

6. Upon information and belief, MFS began placing collection calls to Plaintiff in or around October and November of 2011.

7. At one point, Plaintiff received at least six phone calls from MFS collection agents within a period of ten minutes.

8. MFS left a voice message for Plaintiff which stated, "This is a time sensitive message from Medical Financial Solutions.  Please call us back at 603-653-8390 or toll free at 866-401-5421.  Thank you."

9. Upon information and belief, Plaintiff did not receive proper written notification from MFS in regards to the alleged debt, containing the amount of alleged debt, the name of the creditor, a statement regarding the right to dispute the alleged debt, and information stating Plaintiff had the right to request original creditor's name and address.

### V.  CLAIM FOR RELIEF

10. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

11. MFS violated the FDCPA. MFS's violations include, but are not limited to, the following:

    (a) MFS violated *§1692d(5)* of the FDCPA by calling "repeatedly or continuously with intent to annoy abuse, or harass any person at the called number";

    (b) MFS violated *§1692d(6)* of the FDCPA by placing calls to Plaintiff without meaningful disclosure of the caller's identity;

    (c) MFS violated *§1692e(11)* of the FDCPA by failing to disclose that communications were coming from a debt collector and that any information gained would be used for the purposes of debt collection; and

    (d) MFS violated *§1692g(a)* of the FDCPA by failing to provide Plaintiff with notice, within five days, of the amount of the alleged debt, the name of the creditor, and statements notifying the debtor of their right to dispute and to receive verification of the alleged debt.

12. As a result of the foregoing violations of the FDCPA, Defendant, Accretive Health, Inc., d/b/a Medical Financial Solutions, is liable to the plaintiff Tammy Gazda for declaratory judgment that MFS's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.   CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

14. MFS violated N.H. Rev. Stat. Ann. § 358-C, relating to Unfair, Deceptive or Unreasonable Collection Practices, and N.H. Rev. Stat. Ann. 358-A, relating to the Regulation of Business Practices for Consumer Protection.  MFS's violations of RSA 358-C and 358-A include, but are not limited to the following:

    (a) MFS violated RSA 358-C:3(I)(a) and RSA 358-A:2 by causing a telephone to ring "repeatedly or continuously" intending "to abuse, oppress or harass any person"; and

    (b) MFS violated RSA 358-C:3(I)(e) and RSA 358-A:2 by failing to disclose the name of the individual making the call, the name of the person for whom the debt collector is attempting to collect the debt, or using a fictitious name while engaging in the collection of debts.

15. MFS's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the above violations of RSA 358-C and RSA 358-A, Defendant, Accretive Health, Inc., d/b/a Medical Financial Solutions, is liable to Plaintiff, Tammy Gazda, for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff, Tammy Gazda, respectfully requests that judgment be entered against Defendant, Accretive Health, Inc., d/b/a Medical Financial Solutions, for the following:

A.  Declaratory judgment that the conduct of MFS violated the FDCPA, and declaratory and injunctive relief for the violations by MFS of RSA 358-C and RSA 358-A.

B.  Actual damages.

C.  Statutory damages pursuant to 15 U.S.C. § 1692k.

D.  Statutory damages pursuant to RSA 358-C:4.

E.  Statutory damages pursuant to RSA 358-A:10.

F.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, RSA 358-C:4, and RSA 358-A:10.

G.   For such other and further relief as the Court may deem just and proper.

DATED: This the _25th__ day of April, 2012.

Respectfully submitted,

By: /s/ Thomas E. Hogan, II
Thomas E. Hogan, II
NH Bar #: 19871
Consumer Rights Law Firm
2 Dundee Park suite 201
Andover, Massachusetts 01810
Phone: (617) 921-9808
Fax: (888) 601-2980
tom@thomashoganlaw.com
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Lisa Howe, demands trial by jury in this action.